# In the United States Court of Federal Claims

No. 24-968
Filed: July 16, 2024

| | |
|---|---|
| **DIANSKY ROUZARD,**<br><br>*Plaintiff*,<br><br>v.<br><br>**THE UNITED STATES,**<br><br>*Defendant.* | |

## ORDER

      Pro se Plaintiff, Diansky Rouzard ("Mr. Rouzard"), seeks $100 million under 12 U.S.C. § 504 relating to actions by the "Agency for Health Care Administration ("AHCA")," "Department of Children and Families ("DCF")," "Florida Healthy Kids Corporation ("FHKC") and its partners," "Department of Health ("FDOH")," and "Administers of the Children's Medical Services Health Plan ("CMS")." (Compl. at 1, ECF No. 1). Mr. Rouzard alleges that Defendants conspired against him and violated his "constitutional rights under color of law, discriminatory practices, breach of contract and breach of fiduciary duties." (*Id.*). Mr. Rouzard further alleges that these agency actions caused severe emotional and financial distress due to the "mishandling" of his children's "personal information and neglect in updating critical health and financial records," "financial losses and debt collection harassment," and "loss of trust and confidence in the healthcare system's ability to handle sensitive information." (*Id.* at 1, 3). Mr. Rouzard also applies to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2). The Court grants Mr. Rouzard's application to proceed *in forma pauperis* but dismisses his Complaint for lack of subject-matter jurisdiction.

      Determining whether a court has subject-matter jurisdiction is a threshold issue. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). The Tucker Act establishes jurisdiction over claims (1) founded on express or implied contract with the United States; (2) seeking a refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the United States. 28 U.S.C. § 1491(a)(1). Even though pro se pleadings are read more liberally than those prepared by a lawyer, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), pro se plaintiffs must still meet their jurisdictional burden, *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). The Court must dismiss a case if, at any time, it determines that it lacks subject-matter jurisdiction. RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Here, the Court lacks subject-matter jurisdiction.

First, this Court lacks jurisdiction over Mr. Rouzard's claims against parties other than the United States. Mr. Rouzard names AHCA, DCF, "FHKC and its partners," FDOH, and CMS as defendants in his breach of contract and fiduciary duty,[1] discrimination, and financial and emotional distress claims. (Compl. at 1). It is well-established that the United States is the only proper defendant in this Court. RCFC 10(a); *United States v. Sherwood*, 312 U.S. 584, 588 (1941). Most of Mr. Rouzard's claims do not implicate the United States. (Compl. at 4–5). Given that, the Court "does not have jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees," nor does it possess jurisdiction over suits against private parties, dismissal for claims against those defendants is required. *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) (citing *Sherwood*, 312 U.S. at 588).

Mr. Rouzard also claims the Office for Civil Rights of the U.S. Department of Health and Human Services ("HHS") failed to timely address his complaints. (Compl. at 2). To the extent Mr. Rouzard's claims implicate HHS, the United States is the Defendant. *See* RCFC 10(a); *Sherwood*, 312 U.S. at 588. When read liberally, *Haines*, 404 U.S. at 520–21, the Court understands Mr. Rouzard to seek equitable relief in the form of faster processing times before HHS. (*See* Compl. at 2). However, this Court lacks jurisdiction over pending administrative proceedings and the action of officials involved in rendering those decisions. *See Aljindi v. United States*, No. 21-1578C, 2021 WL 5177430, *5 (Fed. Cl. 2021) (citing *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) (jurisdiction does not extend to cases "against individual federal officials")). Further, "[t]his Court's ability to grant equitable relief under the Tucker Act is limited[.]" *Sergent's Mech. Sys., Inc. v. United States*, 157 Fed. Cl. 41, 49 (2021) (internal citations omitted). Mr. Rouzard's requested equitable relief is "plainly not incidental of and collateral to money damages" *Id.* Therefore, this Court lacks jurisdiction over Mr. Rouzard's claims relating to HHS.

Mr. Rouzard offers a litany of other unavailing claims, including "conspiracy under 42 U.S.C. § 1983," "discriminatory practices under 42 U.S.C § 2000(d)," and neglect which caused "financial and emotional distress". (Compl. at 2–3). However, the Court lacks jurisdiction over Civils Rights Act claims because they are exclusively heard by district courts. *Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005). The Court also lacks subject-matter jurisdiction over claims sounding in tort. U.S.C. § 1491(a)(1) (excluding cases "sounding in tort"); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort.").

Accordingly, Mr. Rouzard's Motion for Leave to Proceed *in forma pauperis*, (ECF No. 2), is **GRANTED**, and Mr. Rouzard's Complaint, (ECF No. 1), is **DISMISSED** for lack of

---

[1] The Court notes that Mr. Rouzard fails to provide any detail regarding a breach of contract. (Compl. at 3); *Kelley v,* 812 F.2d at 1380 (requiring pro se plaintiffs to meet their jurisdictional burden). Mr. Rouzard also cites irrelevant case to support his breach of contract claim. (Compl. at 3 (citing *Seaboard Air Line R. Co. v. Daniel*, 333 U.S. 118 (1948) (addressing collection of statutory penalties under interstate commerce)).

subject-matter jurisdiction pursuant to RCFC 12(h)(3). The Clerk's Office is **DIRECTED** to enter judgment accordingly.

The Clerk also is **DIRECTED TO REJECT** any future submissions in this case unless they comply with this Court's rules regarding post-dismissal submissions. The Court **CLARIFIES** that this provision does not act as an anti-filing injunction or a sanction. *Allen v. United States*, 88 F.4th 983, 989 (Fed. Cir. 2023) (holding that courts must provide pro se plaintiffs with notice and opportunity to be heard before issuing an anti-filing injunction). Mr. Rouzard is not enjoined from proper post-dismissal filings in this case, nor is he required to seek leave before filing future actions in this Court. *See id.* This provision is a mechanism to reject non-compliant filings in the above-captioned action once dismissed.

**IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge